**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**ROBERTO SEBELEN MEDINA**<br>**BETSIE MARIE CORUJO**<br><br><br>**Debtor(s)** | **CASE NO. 14-06368**<br>**Chapter 11**<br><br><br>**Adversary No. 14-00194** |
| **ROBERTO SEBELEN MEDINA**<br>**BETSIE MARIE CORUJO**<br><br>**Plaintiff**<br>vs.<br><br>**BANCO POPULAR DE PUERTO RICO**<br>**ADSUAR MUNIZ GOYCO SEDA**<br>**PEREZ-OCHOA, PSC**<br><br>**Defendant(s)** | <span style="color:red">**FILED & ENTERED ON 05/13/2015**</span> |

<u>**OPINION & ORDER**</u>

Before the court is Defendant, Banco Popular de Puerto Rico's (hereinafter "BPPR") Motion to Dismiss [Dkt. No. 31] the Complaint (hereinafter "Complaint") filed on August 11, 2014, and Plaintiffs/Debtors, Roberto Sebelin Medina and Betsie Marie Corujo's (hereinafter "Plaintiffs") Opposition [Dkt. No. 40]. BPPR filed an untimely Supplement to their Motion to Dismiss [Dkt. No. 46] which Plaintiff requested be stricken [Dkt. No. 50]. As the Supplement

1

does not concord with L.Cv.R. 7(c), the same will be stricken from the docket of this adversary proceeding.

BPPR bases its motion to dismiss on the doctrines of Rooker Feldman[1] and the law of the case[2] and the ensuing lack of jurisdiction of this Court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1). Further, dismissal is also warranted because the allegations are not pled with sufficient specificity as required by the applicable Federal Rules of Civil Procedure, Rule 12(b)(6), nor does it show a plausible entitlement to relief under the standard of Bell Atlantic Cop. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-1965 (2007). Thus, BPPR concludes, that the Complaint fails to state a claim upon which relief can be granted. Plaintiffs counter that the doctrines are inapplicable to the matter at hand by virtue of the fact that no final judgments had been entered against the Plaintiffs in the state court case prior to the filing of this bankruptcy petition. With regards to the sufficiency of the Complaint, Plaintiffs aver that the

---

[1] The Rooker-Feldman doctrine provides that a federal district courts lack jurisdiction to hear a collateral attack on a state court judgment or to review final determinations of state courts. See, Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify [a state court] judgment for errors … to do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original"); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 460 and 483 (1983).

[2] The law of the case doctrine essentially "precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided." Field v. Mans, 157 F.3d 35, 40 (1st Cir. 1998) (quoting Cohen v. Brown Univ., 101 F.3d 155, 167 (1st Cir. 1996)); see also Arizona v. California, 460 U.S. 605, 618 (1983) (the doctrine states that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."); Nat'l Labor Relations Bd. v. Goodless Electric Co., 285 F.3d 102, 107 (1st Cir. 2002). Further, the purpose of law of the case is to ensure "finality and judicial efficiency by protecting against the agitation of settled issues." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).

federal courts utilize a liberal pleading system where a short and plain statement of the claim showing that they are entitled to some relief is enough. Moreover, the Federal Rules of Civil Procedure require courts to construe the pleadings liberally so as to do substantial justice.

### ROOKER FELDMAN AND THE LAW OF THE CASE

After reviewing the arguments and the relevant case law, the court determines that neither Rooker Feldman nor the law of the case doctrines apply. Plaintiffs' argument is on point regarding the pertinence of these doctrines to the September 23, 2013, state court resolution. Both parties agree that the resolution is an interlocutory order. By its own language, the resolution is not an adjudication on the merits of the pleadings, but rather was meant to provide a provisional remedy and pre-judgment mechanism to protect any possible judgment in favor of BPPR. BPPR's contention that the leading First Circuit case on the applicability of Rooker Feldman to interlocutory orders, Federacion de Maestros v. Junta de Relaciones, 410 F. 3d 17 (1st Cir.2005), supports their position is erroneous.

The court in Federacion held that for purposes of the Rooker Feldman doctrine, pursuant to which a federal district court lacks jurisdiction to review unfavorable state-court judgments, state proceedings have "ended" when: (1) the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved; (2) the state action has reached a point where neither party seeks further action; and (3) state court proceedings have finally resolved all the federal questions in the litigation, and only state law or purely factual questions remain to be litigated. Id. at 24-25.

Moreover, the panel in Federacion ruled that if federal litigation is initiated before state proceedings have ended, then—even if the federal plaintiff expects to lose in state court and

3

hopes to win in federal court—the litigation is parallel, and the Rooker Feldman doctrine does not deprive the court of jurisdiction. Id. This holding alone defeats BPPR's argument against this Court's jurisdiction to hear this Complaint.

### FEDERAL RULES OF BANKRUTPCY PROCEDURE, RULES 9(b) AND 12(b)(6)

A complaint need not allege every fact necessary to win at trial, but need only include sufficient facts to make it "'plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In these two cases, the Supreme Court retreated from the historic pleading standard that it had previously established in Conley v. Gibson, 355 U.S. 41, 45-48 (1957), and replaced that standard with a standard centered on plausibility. To survive a Fed.R.Civ.P. 12(b)6 challenge, a complaint "must contain more than a rote recital of the elements of a cause of action," but need not include "detailed factual allegations." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir.2013). The First Circuit has recently cautioned that some courts apply the plausibility standard "too mechanically" and fail to read complaints "as a whole." Garcia-Catalan v. United States, 734 F.3d 100, 101, 103 (1st Cir. 2013).

The plausibility inquiry necessitates a two-step process. See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir.2013). First, the court must distinguish "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir.2012). Second, the court must determine whether the factual allegations are sufficient to support "the reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (*quoting* Iqbal, 556 U.S. at 678) (internal quotation marks omitted).

4

The Complaint contains three causes of action and the ensuing damages that flow as a result of each. First up is the breach of contract as a result of BPPR's acceleration of Plaintiffs' loans. Second, given BPPR's breach, the Plaintiffs are seeking a determination of the extent of the lien. Third, again given BPPR's breach, the Plaintiffs are requesting a turnover of property of the monies paid by them after the acceleration to BPPR, as well as, interests, charges and penalties added to the debts. These causes of action culminate in a damages claim that for the first time in the Complaint introduces fraudulent acts into the fray.

While this Court does not disregard BPPR's statement of the substantive law of equitable subordination under Article 1802 of the Puerto Rico Civil Code, viewing the Complaint holistically, the Court concludes that the Plaintiffs have pleaded sufficient facts to "provide fair notice to the defendant[] and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The circumstances in the Complaint create a reasonable expectation that discovery may yield evidence of BPPR's allegedly illegal conduct. No more is exigible. See id. at 17.[3]

However, that having been said, Plaintiffs' fraud allegations do not comply with the pleading requirements of Rule 9 of the Federal Rules of Civil Procedure. As stated by the First Circuit, to satisfy Rule 9(b) pleading requirements, the "complaint must specify 'the time, place

---

[3] Furthermore, "some latitude may be appropriate" in applying the plausibility standard in certain types of cases." Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012) (internal quotation marks omitted). Generally speaking, these are cases in which a material part of the information needed is likely to be within the defendant's control. See id. This appears to be such a case. For example, it cannot reasonably be expected that the Plaintiffs, without the benefit of discovery, would have any information about the Westernbank - FDIC - BPPR transferences and the location of the promissory notes and endorsements.

and content of an alleged false representation'" U.S. ex rel. Heineman-Guta v. Guidant Corp., 718 F.3d 28, 34 (1st Cir.2013) *citing* Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir.1996)); see also Simcox v. San Juan Shipyard, Inc., 754 F.2d 430, 439 (1st Cir.1985). In the Complaint, Plaintiffs allege that the defendants fraudulently performed their functions, willfully and negligently, to the detriment of Plaintiffs. Specifically, defendant Adsuar, Muniz, Goyco, Seda & Perez-Ochoa, PSC (hereinafter "AMG") acted fraudulently in filing the state court complaint and the motion for arrest of rents because it knew that its client, BPPR, lacked a cause of action. Plaintiffs did not specify a single representation made by AMG, vis-à-vis BPPR, that is allegedly false, nor have they averred the time, place and content of any such communication, or how the same induced Plaintiffs or the state court to act. Plaintiffs fail to specify which defendant incurred in which alleged wrong act or omission. Thus, Plaintiffs fail to distinguish among the defendants and to identify any particularized details supporting its claim against any defendant. One of the main purposes of Rule 9 is to apprise the defendant of fraudulent claims and of the acts that form the basis for the claim. Simcox, 754 F.2d at 439; McGinty v. Beranger Volkswagon, Inc., 633 F.2d 226, 228–29 (1st Cir.1980); Felton v. Walston and Co., 508 F.2d 577, 582 (2d Cir.1974). "In cases in which fraud lies at the core of the action, the rule does not permit a complainant to file suit first, and subsequently to search for a cause of action." Lopez v. Bulova Watch Co., Inc., 582 F.Supp. 755, 766 (D.R.I. 1984). The allegations of fraud in the Complaint are insufficient to satisfy the threshhold requirements of Fed.R.Civ.P. 9(b).

### *SUA SPONTE* MODIFICATION OF THE AUTOMATIC STAY

The crux of Plaintiffs' Complaint is the breach of contract action against BPPR. The relevant case law and code stems from Puerto Rico jurisprudence. Most importantly, Plaintiff

and BPPR have a pending action before the Puerto Rico Court of First Instance, Superior Court of San Juan which includes the breach of contract allegations from this Complaint. The respective parties have filed the necessary documents and the state court proceedings have been pending for four years. Therefore, this Court, without delving into the merits of the parties' arguments, believes that cause exists to modify the automatic stay to permit the state court actions to proceed. In re Concepcion, 494 B.R. 622 (Bankr.D.PuertoRico.2013); IBM v. Fernstrom Storage and Van Co., 938 F.2d 731, 737 (7th Cir.1991) ("[w]here the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed."); McDowell v. Stein, 415 B.R. 584 (S.D. Fla. 2009) ([a] bankruptcy court could lift automatic stay *sua sponte* in order to permit appeals in state-court action against debtor to proceed.).

This Court considers the factors for cause in modifying the automatic stay *sua sponte*. In determining whether the stay should be modified or terminated for cause, courts in the First Circuit and other Circuits either (1) analyze the twelve factors enumerated by the Second Circuit in the Sonnax case; or (2) engage in fact-intensive inquiries that appear to be outlining Sonnax factors, aiming to maintain the prepetition *status quo ante* between the parties. In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2nd Cir.1990); See e.g., C & A, S.E. v. Puerto Rico Solid Waste Mgmt. Auth., 369 B.R. 87, 94-95 (D.P.R. 2007); In re Burger Boys, Inc., 183 B.R. 682, 688 (S.D.N.Y. 1994); In re Bison Res., Inc., 230 B.R. 611, 613 (Bankr.N.D.Okla.1999); In re Odd's–N'End's, Inc., 171 B.R. 10, 11 (Bankr.W.D.N.Y.1994). However, some courts utilize a hybrid approach, combining these two above methods of analysis. See, e.g., In re Brown, 311 B.R. 409, 412–13 (E.D.Pa.2004)("[a] court may consider the policies reflected in the bankruptcy

code, and the interests of the debtor, other creditors and any other interested parties[in applying the <u>Sonnax</u> factors]") (internal citations omitted). Regardless, the <u>Sonnax</u> factors consist of the following: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. <u>Sonnax</u>, 907 F.2d at 1286.

Accordingly, in this instant case, after applying the <u>Sonnax</u> factors, this Court deems that justice would be best served by having the parties litigate in the pending civil action in the San Juan Superior Court. The court determines that doing so would not only adequately resolve this instant issue in regards to the breach of contract, but would also advance jurisdictional independence, judicial economy, equitability and the twin goals of the Bankruptcy Code of benefitting both parties. In exercising a fact intensive inquiry similar to the <u>Sonnax</u> analysis with a specific focus on judicial economy and efficiency, this Court reaches the same conclusion of modifying the automatic stay to permit the state action to proceed.

8

**CO-DEFENDANT AMG'S MOTION TO DISMISS**

Before concluding, the court will briefly address the pending Motion to Dismiss filed by AMG [Dkt. No. 32]. AMG's motion contains similar legal arguments proffered by BPPR. Consequently, the same legal analysis applies and the Plaintiffs may seek redress against AMG in state court.

WHEREFORE, the automatic stay provisions of 11 U.S.C. § 362 are hereby modified for the sole purpose of continuing the state court proceedings in case number: K CD2011-1017, in front of the Puerto Rico Court of First Instance, Superior Court of San Juan in order to obtain a final and unappealable judgment in favor of one of the parties. The judgment will then be referred back to this Bankruptcy Court for adjudication, if necessary. This Complaint is DISMISSED in its entirety. Clerk to enter judgment.

SO ORDERED

San Juan, Puerto Rico, this 13th day of May, 2015.


Brian K. Tester
U.S. Bankruptcy Judge

9