**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**ROBERTO SEBELEN MEDINA**<br>**BETSIE MARIE CORUJO**<br><br>Debtor (s) | **CASE NO. 14-06368**<br>**Chapter 11** |
| **ROBERTO SEBELEN MEDINA**<br>**BETSIE MARIE CORUJO**<br><br>**Plaintiff (s)**<br><br>**vs.**<br><br>**BANCO POPULAR DE PUERTO RICO**<br>**ADSUAR MUNIZ GOYCO SEDA**<br>**PEREZ-OCHOA, PSC**<br><br>**Defendant (s)** | **Adversary No. 14-00194**<br><br><br><br>**FILED & ENTERED ON 10/02/2015** |

## <u>OPINION AND ORDER</u>

Before the court is a *Motion to Alter or Amend Judgment Under Rule 9023 of the Federal Rules of Bankruptcy Procedure and/or for Reconsideration* filed by Debtor/Plaintiffs (Dkt. No. 72) Roberto Sebelen Medina and Betsie Marie Corujo Martinez (hereinafter "Plaintiffs") and Adsuar Muniz Goyco Seda Perez-Ochoa's (hereinafter "Defendant"), *Motion for Reconsideration* (Dkt. No. 73), followed by Defendant and Banco Popular de Puerto Rico's ( hereinafter "BPPR") oppositions to Plaintiffs' motion (Dkt. No's. 75 and 76, respectively) and Plaintiffs' replies to Defendant and Banco Popular de Puerto Rico's oppositions (Dkt. No's 78

1

and 80, respectively). For the reasons set forth below, Plaintiffs' motion for reconsideration and Defendant's motion for reconsideration are both DENIED.

### I. Parties' arguments for reconsideration

Plaintiffs allege that the adversary proceeding is predominantly "core" as to the whole complaint, therefore, the court has jurisdiction and venue over the matter, having a possibility to obtain a complete resolution of the issues. Plaintiffs also pray leave to amend the fraud pleadings within reasonable terms. On the other hand, Defendant alleges that the reconsideration of the ruling is appropriate because the court did not assert Defendant's jurisdictional arguments, statute of limitations defense, and immunity as legal counsel. Defendant also alleges that Plaintiffs' claim against Defendant is a "non-core" matter, therefore, Defendant does not consent to such judgment. Defendant further recommends that the court should dismiss the complaint against Defendant with prejudice, in order to prevent the litigation of a claim that has already been dismissed for failure to comply with Fed. R. Civ. P. 9(b). BPPR opposes Plaintiffs' claims, alleging that Plaintiffs' motion does not satisfy the requisites under Fed. R. Civ. P. 59(e) for a reconsideration of the matter.

### II. Standard of Review

"A 'motion to reconsider' is not among the motions recognized by the Federal Rules of Civil Procedure." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991). The federal courts have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under Fed. R. Civ. P. 59, or a motion for 'relief from judgment' under Rule 60.

In conformity with Fed. R. Civ. P. 59, a party seeking reconsideration "must either

2

clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004).  In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e).  The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F 3rd at 7 (*citing* 11 C. Wright et al., Federal Practice *&* Procedure § 2810.1 (2d ed. 1995)).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment.  It is directed at allowing a court to correct its own errors.  White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982).  Moreover, it is well settled that rule 59(e) does not exist to give parties a second chance to prevail on the merits generally.  Rule 59(e) is not to be used to reassert arguments and theories previously rejected by the Court.  Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration." Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). See also, Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected).  Thus, parties should not use Rule 59(e) motions to raise arguments which could, and should, have been made before judgment issued. Id. (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). "Motions under rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence . . . [t]hey

may not be used to argue a new legal theory." Id.

### III. Legal Analysis

The dismissal of the complaint in its entirety and the *sua sponte* modification of the stay further the goal of judicial economy and act in the best interest of justice. In re Concepcion, 494 B.R. 622, 624 (Bankr. D.P.R. 2013), *citing*, IBM v. Fernstrom Storage and Van Co., 938 F.2d 731, 737 (7th Cir.1991) ("[w]here the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed.") McDowell v. Stein, 415 B.R. 584 (S.D. Fla. 2009) ([a] bankruptcy court could lift automatic stay *sua sponte* in order to permit appeals in state-court action against debtor to proceed.) Furthermore, neither party has adequately addressed the four grounds above-mentioned in order for this Court to reconsider its judgment under Fed. R. Civ. P. 59(e). Again, upon either party prevailing in state court, there still may be bankruptcy law issues to be decided in front of this Court.

### IV. Conclusion

WHEREFORE, IT IS ORDERED that the motion for reconsideration of judgment filed by the Plaintiff is hereby DENIED. And, the motion for reconsideration of judgment filed by the Defendant is hereby DENIED. The adversary proceeding remains dismissed in its entirety.

SO ORDERED

In San Juan, Puerto Rico, this 2nd day of October, 2015.

Brian K. Tester
U.S. Bankruptcy Judge
for the District of Puerto Rico

4